

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

December 3, 2022

**BY ECF**

The Honorable Sidney H. Stein
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *United States v. Constantine et al.*, S1 21 Cr. 530 (SHS)

Dear Judge Stein:

The Government respectfully submits this letter in advance of the cross-examination of Special Agent Michael Luciani of the Federal Bureau of Investigation, which is scheduled to begin on December 5, 2022. As set forth below, the Government respectfully requests that, consistent with Federal Rule of Evidence 611, and in order to maintain trial efficiency, the Court limit cross-examination of Agent Luciani to the scope of the direct examination and preclude the defendants from attempting to present their defense case through Agent Luciani.

Rule 611(b) provides that "cross-examination should not go beyond the subject matter of the direct examination and matters affecting the witness's credibility." Fed. R. Evid. 611(b). In addition, Rule 611(a) provides that district courts "should exercise reasonable control over the mode and order or examining witnesses and presenting evidence so as to . . . avoid wasting time." Fed. R. Evid. 611(a). The Court's discretion to efficiently manage examination of witnesses under Rule 611(a) is broad. *See, e.g.*, *United States v. Whitten*, 610 F.3d 168, 183 (2d Cir. 2010) (citing, among other cases, *Delaware v. Van Arsdall,* 475 U.S. 673, 679 (1986)). Where courts have required defendants to present their affirmative case in their case-in-chief, rather than through cross-examination, the trial courts' decisions are regularly affirmed. For example, in *United States v. Stadtmauer,* the district court prevented the defendant from admitting documentary evidence during cross-examination because the materials were "not really specifically impeachment material, but more akin to case-in-chief type evidence." 620 F.3d 238, 272 (3d Cir. 2010) (internal quotation marks omitted)). On appeal, the defendant argued that the materials fell within the scope of direct examination under Rule 611(b), and so the district court should have allowed their use on cross. The Third Circuit had "little trouble concluding that the District Court did not abuse its discretion in postponing the admission of [the defendant]'s proposed exhibits" until his case-in-chief. *Id.* As it explained, the district court had ample authority to manage the presentation of evidence, including its timing. *Id.* Other courts have readily reached the same conclusion. *See, e.g.*, *United States v. Lambert,* 580 F.2d 740, 747 (5th Cir. 1978) (district court did not abuse its discretion under Rule 611(a) by excluding defendant's "proffers of voluminous documentary

evidence" during cross-examination); *United States v. Ellison*, 557 F.2d 128, 135 (7th Cir. 1977) (district court did not abuse its discretion by excluding proposed defense exhibits during cross-examination, even assuming the documents "would have been relevant rebuttal evidence if offered during the presentation of [the defendant's] own case").

Here, the Government respectfully requests a ruling that cross-examination of Agent Luciani must adhere to Rule 611 and be limited to the scope of direct examination. On direct examination, Agent Luciani testified as to several dozen emails and text messages that he reviewed, excerpts of which were contained in GX 1701, a summary chart. Agent Luciani answered a handful of identification questions relating to these emails, (*see, e.g.*, Tr. 944 (identifying AMI as an "MRI facility")), but, by and large, just read the emails and text messages in chronological order.[1] Consistent with the Court's ruling in *United States v. Calk*, 19 Cr. 366 (LGS), on cross-examination, the defendants should be entitled to elicit that:

> [T]he documents summarized were selected by the prosecutors, that they are a selective set, and that those are the only ones [the witness] summarized and that there are other documents, perhaps many documents that are pertinent to the case and pertinent to the defense case that [the witness] did not summarize and that were not brought out on [] direct.

(19 Cr. 366, Tr. 338, attached hereto as Exhibit A). But the defendants cannot "take all of those documents in the defense case and say, oh, and you didn't summarize this one … or this one . . . or this one. That is for your defense case, that is not within the proper scope of cross-examination of a summary witness." (*Id.*) Moreover, both defendants have already indicated that they intend to put on a case-in-chief. Thus, both will have ample opportunity to efficiently tell their side of the story when they do so. Using Agent Luciani on cross-examination to do this instead will only delay the progress of the trial and run directly contrary to the requirements of Rule 611(b) and the purpose of Rule 611(a).[2]

Relatedly, the Government requests advance production of any exhibits that the defendants intend to use during cross-examination of Agent Luciani. The Court previously ordered the defendants to produce their trial exhibits by November 14, 2022. (Dkt. No. 93). To date, the Government has not received any emails or text messages from defendant Dowd as marked exhibits. Thus, in order to ensure that cross-examination proceeds expeditiously, and that the Government has time to raise any evidentiary objections in advance, the Government requests that

---

[1] Such testimony is routinely offered and approved of in this District. *See, e.g.*, *United States v. Ho*, 984 F.3d 191 (2d Cir. 2020); *United States v. Calk*, 19 Cr. 366 (LGS) (permitting FBI agent to testify to summary charts).

[2] Nor should the defendants be permitted to suggest, through cross-examination or otherwise, that an email or text message not included within GX 1701 was somehow withheld from the jury. Instructions that focus the jury on the evidence and the credibility of the witnesses by reminding them that "the government is not on trial" are routinely given and routinely affirmed. *See, e.g.*, *United States v. Barcelo*, 2014 WL 4058066, at *13 (S.D.N.Y. Aug. 15, 2014), *aff'd*, 628 F. App'x 36 (2d Cir. 2015).

the Court order the defendants to produce the exhibits that they intend to use with Agent Luciani immediately. *See United States v. Rajaratnam*, 2011 WL 723530, at \*7 (S.D.N.Y. Feb. 25, 2011) (ordering defendant to disclose portions of discovery consistent with parties' earlier agreement).

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

by: s/_____
Nicholas Folly
Danielle M. Kudla
Alexandra N. Rothman
Assistant United States Attorneys
(212) 637-2580