

The Law Office of Kevin J. Keating, P.C.
666 Old Country Road, Suite 900
Garden City, NY 11530
516-222-1099 • 212-964-2702
kevin@kevinkeatinglaw.com
Garden City • Manhattan

December 4, 2022

**Via ECF**
The Honorable Sidney H. Stein
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *United States v. Andrew Dowd*; 21 CR 530

Dear Judge Stein,

We are writing in response to the Government's letter of December 3rd, concerning the upcoming cross-examination of FBI Agent Michael Luciani. As the Court will recall, Agent Luciani was called by the Government as a summary witness to testify as to the contents of Government Exhibit 1701, which is attached hereto as Exhibit A. Government Exhibit 1701 is a "flow chart" intended to highlight certain emails and text messages sent by the alleged co-conspirators and others from November 2013 to August 2017. Apparently, the flow chart was not actually created by Agent Luciani, but by prosecutors. In creating this summary exhibit, the Government: (a) has, at times, omitted portions of the cited communications, replacing omitted sentences with ellipses; and (b) has, in at least one case, excluded portions of an email chain that is material to understanding the meaning of the communication.

In addition to reading the contents of the selected communications, Agent Luciani was also asked to answer a series of substantive questions based on his "review of other records in this

December 4, 2022
Page 2

case." TR 944.  These subject matters included: (a) the identity of Jamie Fradelakis (TR 942); (b) the identity of "Health Finance" (TR 943); (c) the identity of AMI (TR 944); (d) the type of medicine practiced by Drs. Riberio and Dowd (TR 945); (e) the relationship between Robin London and George Constantine (TR 947); (f) the dollar amount of "the average number checks that were written to Dr. Dowd" (TR 948); (g) the relative cost of spinal surgeries versus back injections (TR 957); (h) *the lack of* any records documenting "a prior visit with Dr. Dowd in which Raymond Christmas complained about shoulder pain" (TR 961); (i) the identity of Michael Kimmel (TR 963); and (j) the identity of Peter Martin (TR 965).

The Government argues that defense counsel should not be permitted to introduce, on cross-examination, a bevy of emails which are unrelated to the summary chart and which are merely intended "to present their defense case through Agent Luciani."  In support of this argument, the Government cites to a number of cases wherein defense counsel sought to introduce large volumes of defense evidence through Government witnesses.  *See* Govt. Letter at pp. 1-2, *citing United States v. Stadtmauer*, 620 F.3d 238, 271 (3d Cir. 2010) (defense counsel sought to introduce into evidence hundreds of advertisements through government witness); *Unites States v. Lambert*, 580 F.2d 740, 747 (5th Cir. 1978) (preventing "proffers of voluminous documentary evidence" during cross-examination).

We have no intention of doing that here.  Instead, we intend to limit our cross-examination to the content of underlying communications which are either directly referenced in GX 1701, or which are part of the same communication chain.

At the outset, it should be emphasized that the cross-examination of a summary witness is not only appropriate, but necessary in order to assure that the exhibit fairly and accurately summarizes the underlying evidence.  *See Fagiola v. Nat'l Gypsum Co. AC & S., Inc.*, 906 F.2d

December 4, 2022
Page 3

53, 58 (2d Cir. 1990) (summary chart properly admitted where "ample cross-examination and . . . careful instructions ensured that the jury was fully aware of the limitations of the summary and would not give it undue weight."); *United States ex rel. Feldman v. van Gorp*, 2010 U.S. Dist. LEXIS 73633, at \*17 (S.D.N.Y. July 8, 2010) (questions as to whether summary chart accurately reflects underlying evidence are properly resolved through cross-examination); *United States v. Whitfield*, 590 F.3d 325, 365 (5th Cir. 2009) ("Full cross-examination and admonitions to the jury minimize the risk of prejudice [from summary charts].").

Accordingly, it is certainly appropriate to question Agent Luciani as to any of the underlying materials which he reviewed and which were used to compile the Government's summary chart – including passages from those emails which were omitted from the Government's summary exhibit.

Furthermore, and for the same reasons, it is appropriate to cross-examine Agent Luciani on communications which were part of the *same* email chain, but which were omitted from the exhibit for purposes of advancing the Government's narrative. Pursuant to Rule 106 of the Federal Rules of Evidence, "If a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part—or any other writing or recorded statement—that in fairness ought to be considered at the same time."

At this juncture we have identified *one* additional page of evidence which we intend to introduce through this witness pursuant to the rule of completeness. The page includes the January 5, 2014 email summarized in the Government's exhibit, as well as the emails from the *same* parties which immediately preceded and followed that communication on the *same* day.[1] The

---

[1]     That email can be found in the Government's discovery at USA_REL_00065245.

December 4, 2022
Page 4

Government has cited to no authority which would suggest that this type of focused cross-examination is somehow improper.

In short, our cross-examination of Agent Luciani will neither deviate from the subject matter of his direct testimony, nor constitute a "waste of time" under FRE Rule 611.

Thank you for your consideration.

Respectfully submitted,

/s/

Kevin J. Keating

cc:      All Counsel (*via* ECF)